

**U.S. Department of Justice**

*United States Attorney*

*District of New Jersey*

| | | |
|---|---|---|
| *CRAIG CARPENITO*<br>*United States Attorney*<br><br>*SARA A. ALIABADI*<br>*Assistant United States Attorney* | *CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*<br>*401 Market Street, 4th Floor*<br>*Post Office Box 2098*<br>*Camden, New Jersey 08101-2098* | *856.757.5026*<br>*Fax: 856.968.4917*<br>*sara.aliabadi@usdoj.gov* |

February 19, 2019

Mitchell C. Elman, Esquire
Law Offices of Mitchell C. Elman, P.C.
377 Oak Street, Suite 415
Garden City, NY 11530

Re:   **Plea Agreement with Shadab Chowdhury**          *19 cr 453 NLH*

Dear Mr. Elman:

This letter sets forth the plea agreement between your client, Shadab Chowdhury, and the United States Attorney for the District of New Jersey ("this Office").

## Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Shadab Chowdhury to an Information charging Shadab Chowdhury with eight counts of distributing Methyl 2-(1-(4-fluorobenzyl)-1H-indazole-3-carboxamido)-3-methylbutanoate ("FUB-AMB"), in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 813; one count of distributing a mixture and substance containing a detectable amount of fentanyl, a Schedule II drug, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and one count of distributing a mixture and substance containing a detectable amount of oxycodone, a Schedule II drug, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as set forth in the drug distribution chart below. This guilty plea also will require Shadab Chowdhury to acknowledge, as relevant conduct, his distribution of cyclopropyl fentanyl, a fentanyl analog at the time of his offense, as set forth in the drug distribution chart below.

### Drug Distribution Chart

| Count | Date of Distribution | Relevant Distributed Substance |
|---|---|---|
| 1 | 4/18/16 | FUB-AMB |
| 2 | 7/14/16 | FUB-AMB |
| 3 | 7/26/16 | FUB-AMB |
| 4 | 9/29/16 | FUB-AMB |

1

| 5 | 11/16/16 | FUB-AMB |
| 6 | 3/8/17 | FUB-AMB |
| 7 | 4/27/17 | FUB-AMB |
| 8 | 8/31/17 | FUB-AMB |
| 9 | 1/30/17 | fentanyl |
| 10 | 7/23/18 | oxycodone |
| (relevant conduct) | 8/14/17 | cyclopropyl fentanyl |

If Shadab Chowdhury enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Shadab Chowdhury for his role in the drug distribution activities described in his criminal complaint, Mag. No. 18-mj-1023 (AMD). In the event, however, that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Shadab Chowdhury agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Shadab Chowdhury may be commenced against him, notwithstanding the expiration of the limitations period after Shadab Chowdhury signs the agreement.

### Sentencing

The violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 813 to which Shadab Chowdhury agrees to plead guilty each carry a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; or (2) twice the gross profits or other proceeds to Shadab Chowdhury.

The sentence on each count charged in the Information may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Shadab Chowdhury is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Shadab Chowdhury ultimately will receive.

Further, in addition to imposing any other penalty on Shadab Chowdhury, the sentencing judge: (1) will order Shadab Chowdhury to pay an assessment of $100 per count in the Information, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Shadab Chowdhury to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Shadab Chowdhury, pursuant to 18 U.S.C. § 3555, to give notice to any victim of his offense; (4) must order forfeiture pursuant to 21 U.S.C. § 853; (5) may deny Shadab

Chowdhury certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (6) pursuant to 21 U.S.C. § 841(b)(1)(C), must require Shadab Chowdhury to serve a term of supervised release of at least 3 years, with a maximum of lifetime supervised release, which will begin at the expiration of any term of imprisonment imposed. Should Shadab Chowdhury be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Shadab Chowdhury may be sentenced to not more than 2 years' imprisonment per count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Shadab Chowdhury by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Shadab Chowdhury's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Shadab Chowdhury agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Shadab Chowdhury from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Shadab Chowdhury waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, Shadab Chowdhury agrees to forfeit to the United States all of his right, title, and interest in any and all property constituting or derived from any proceeds Shadab Chowdhury obtained, directly or indirectly, as a result of the controlled substances violations charged in Counts One through Ten of the Information, and all of Shadab Chowdhury's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in Counts One through Ten of the Information.

Shadab Chowdhury further agrees to forfeit all of his right, title, and interest in the property listed in the attached Schedule B, which was seized by law enforcement as part of the authorized search of Shadab Chowdhury's residence on the date of Shadab Chowdhury's arrest in this matter (collectively, the "Specific Property"), which Shadab Chowdhury admits have the requisite nexus to the drug trafficking offenses charged in the Information and therefore are forfeitable to the United States of America pursuant to 21 U.S.C. § 853.

Shadab Chowdhury further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 21 U.S.C. § 881 and/or 18 U.S.C. § 981(a). Shadab Chowdhury agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent that Shadab Chowdhury has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Shadab Chowdhury further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service, its agent, or designee, and the execution of all necessary documentation. Shadab Chowdhury also consents to the abandonment and/or destruction of the Specific Property at the discretion of federal, state, and/or local law enforcement.

Shadab Chowdhury waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Shadab Chowdhury consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to Shadab Chowdhury prior to Shadab Chowdhury's sentencing. Shadab Chowdhury understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Shadab Chowdhury's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Shadab Chowdhury waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Shadab Chowdhury further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by

this Office. If Shadab Chowdhury fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Shadab Chowdhury has intentionally failed to disclose assets on his Financial Disclosure Statement, Shadab Chowdhury agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Immigration Consequences

Shadab Chowdhury understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Shadab Chowdhury understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Shadab Chowdhury wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Shadab Chowdhury understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Shadab Chowdhury waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Shadab Chowdhury. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Shadab Chowdhury.

No provision of this agreement shall preclude Shadab Chowdhury from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Shadab Chowdhury received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between Shadab Chowdhury and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

*/s/   Sara A. Aliabadi*
By: SARA A. ALIABADI
Assistant U.S. Attorney
District of New Jersey

APPROVED:

MATTHEW J. SKAHILL
Deputy U.S. Attorney, Camden Office

I have received this letter from my attorney, Mitchell C. Elman, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 03/21/2019
Shadab Chowdhury

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 03/21/2019
Mitchell C. Elman, Esquire
Attorney for Shadab Chowdhury

7

## Plea Agreement With Shadab Chowdhury

### Schedule A

1.      This Office and Shadab Chowdhury recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Shadab Chowdhury nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.[1]

3.      The parties agree that, in order to calculate Shadab Chowdhury's base offense level under the Sentencing Guidelines, it is necessary to convert each quantity of a distributed substance to its marihuana equivalent quantity, and then add all the marihuana equivalent quantities and determine the corresponding base offense level. To that end, the proper quantity conversion ratios are as follows:

    a.  With respect to FUB-AMB, it is agreed between the parties that, pursuant to the analysis in comment 6 to U.S.S.G. § 2D1.1, the most closely related controlled substance to FUB-AMB referenced in the United States Sentencing Guidelines is synthetic Tetrahydrocannabinol ("THC"). One (1) gram of synthetic THC is equivalent to 167 grams of marihuana. See U.S.S.G. § 2D1.1, cmt. 8(D). Accordingly, it is agreed between the parties that 1 gram of FUB-AMB is equivalent to 167 grams of marihuana.

    b.  With respect to fentanyl, it is agreed between the parties that one (1) gram of Fentanyl is equivalent to 2.5 kilograms of marihuana. See U.S.S.G. § 2D1.1, cmt. 8(D).

    c.  As to oxycodone, it is agreed between the parties that one (1) gram of oxycodone is equivalent to 6,700 grams of marihuana. See U.S.S.G. § 2D1.1, cmt. 8(D).

    d.  Shadab Chowdhury's relevant conduct involved distribution of cyclopropyl fentanyl, and it is agreed between the parties that cyclopropyl fentanyl was a fentanyl analogue at the time of Shadab Chowdhury's distribution, and was temporarily scheduled into Schedule I on a date after Shadab Chowdhury's distribution of cyclopropyl fentanyl on August 14, 2017. The parties agree that fentanyl is the most closely related substance to cyclopropyl fentanyl, see U.S.S.G. 2D1.1, cmt. 6, and as stated in paragraph b above, one (1) gram of fentanyl is equivalent to 2.5 kilograms of

---

[1]      The parties agree that the Court should not apply the Guidelines manual effective November 1, 2018 because doing so would violate the ex post facto clause in the Constitution. See U.S.S.G. § 1B1.11(b)(1).

marihuana.  Accordingly, one (1) gram of cyclopropyl fentanyl is equivalent to 2.5 kilograms of marihuana.

4.      Based on the drug equivalency ratios set forth above, it is agreed between the parties that Shadab Chowdhury distributed the approximate quantities of the substances set forth in this chart:

| Count of Conviction | Date Distributed | Relevant Distributed Substance | Quantity of Mixture/Substance | Marijuana Quantity Equivalent |
|---|---|---|---|---|
| 1 | 4/18/16 | FUB-AMB | 26.2 grams | 4,375.4 grams |
| 2 | 7/14/16 | FUB-AMB | 20.7 grams | 3,456.9 grams |
| 3 | 7/26/16 | FUB-AMB | 72.3 grams | 12,074.1 grams |
| 4 | 9/29/16 | FUB-AMB | 118.9 grams | 19,856.3 grams |
| 5 | 11/16/16 | FUB-AMB | 509.9 grams | 85,153.3 grams |
| 6 | 3/8/17 | FUB-AMB | 14.4 grams | 2,404.8 grams |
| 7 | 4/27/17 | FUB-AMB | 100.9 grams | 16,850.3 grams |
| 8 | 8/31/17 | FUB-AMB | 89.2 grams | 14,896.4 grams |
| 9 | 1/30/17 | fentanyl | 10.9 grams | 27,250 grams |
| 10 | 7/23/18 | oxycodone | 2.67 grams | 17,889 grams |
| (relevant conduct) | 8/14/17 | cyclopropyl fentanyl | 6.98 grams | 17,450 grams |
| Total | | | | 221,656.5 grams |

5.      Accordingly, as set forth in the chart above, after the substances involved in this case are converted to the marihuana equivalency and aggregated, the offense involved a total of 221,656.5 grams of marihuana, which is at least 100 kilograms but less than 400 kilograms of marihuana.  This results in a Base Offense Level of 24.  See U.S.S.G. § 2D1.1(c)(8).

6.      The defendant, or a person for whose conduct the defendant is accountable under § 1B1.3 (Relevant Conduct), distributed a controlled substance through mass-marketing by means of an interactive computer service.  This results in a two-level increase of the Base Offense Level.  See U.S.S.G. § 2D1.1(b)(7).

7.      Within the meaning of U.S.S.G. § 5C1.2(a)(2), Shadab Chowdhury did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

8.      Within the meaning of U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

9.      As of the date of this letter, within the meaning of U.S.S.G. § 5C1.2(a)(4), Shadab Chowdhury was not an organizer, leader, manager or supervisor and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

10.     Whether Shadab Chowdhury meets the criterion set forth in U.S.S.G. § 5C1.2(a)(1) and (5) has not yet been determined.

11.     As of the date of this letter, it is expected that Shadab Chowdhury will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.  If all of these events occur, and Shadab Chowdhury's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.  *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

12.     As of the date of this letter, it is expected that Shadab Chowdhury will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Shadab Chowdhury's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) Shadab Chowdhury enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Shadab Chowdhury's acceptance of responsibility has continued through the date of sentencing and Shadab Chowdhury qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Shadab Chowdhury's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13.     In accordance with the above, the parties agree that:  (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that Shadab Chowdhury meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), Shadab Chowdhury will be entitled to a 2-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(17), with the result that the total Guidelines offense level applicable to Shadab Chowdhury will be 21; and (b) otherwise, the total Guidelines offense level applicable to Shadab Chowdhury will be 23 (collectively, the "agreed total Guidelines offense level").

14.     The parties agree not to seek or argue for any upward or downward departures or adjustments at Step II of Sentencing, and the parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  Shadab Chowdhury and this Office each reserve the right, however, to argue at Step III of sentencing for a downward variance or an upward variance, respectively, pursuant to the factors set forth in 18 U.S.C. § 3553(a). Shadab Chowdhury and this Office each reserve the right to oppose any such application made by the opposing party for a Step III variance.

15.     Shadab Chowdhury knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if the sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if the sentence within or above the Guidelines range that results from the agreed total Guidelines offense level of 23.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines

analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

16.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

## Plea Agreement With Shadab Chowdhury

### Schedule B

The following property seized from Shadab Chowdhury's residence in Brooklyn, New York on August 20, 2018:

1.  A plastic bag containing a plant-like material, found in the basement / bedroom.

2.  A plastic bag containing a white powder substance, found in the basement / bedroom.

3.  A black shoe box containing a plant like material, found in the basement / bedroom.

4.  A plastic container containing a white powder substance, found in the basement / bedroom.

5.  An IPhone, found in the basement / bedroom, serial number unknown.

6.  A Microsoft Surface laptop and charger, maroon in color, Laptop Model No. 1769, Laptop Serial No. 004832474757 (unable to obtain hard drive serial/model numbers), found in the basement / bedroom.

7.  A Microsoft Surface laptop, silver in color, Laptop Model No. 1769, Laptop Serial No. 009083181057 (unable to obtain hard drive serial/model numbers), found in the basement / bedroom.

8.  An Apple MacBook Air with a black cover, Model No. A1466, Serial No. FVFV2QRQIIWK, with hard drive Model SM0128G and Serial No. S2XUNY4J690906, found in the upstairs bedroom.

9.  An HP Laptop, red in color, Model No. 15-R030WM, Serial No. 3CE44354QG (no storage media found), found in the upstairs bedroom, corresponding to Exhibit No.

10.  A HGST hard drive and miscellaneous computer parts, Model No. HTS545050A7E680, Serial No. 140903TW8513L93H4M0P, found in the upstairs bedroom.

11.  A portable Samsung SSD T5 external hard drive and charger, blue in color, Model No. MU-PA500B, Serial No. S3UJNV0K403944T, found in the upstairs bedroom.

12.  A Microsoft Surface Laptop, silver in color, Laptop Model No. 1769, Laptop Serial No. 008810481057, found in the upstairs bedroom.

13.  A portable Seagate hard drive, black in color, Model No. ST3320620AS, Serial No. 5QF6QFPT, found in the upstairs bedroom.

14.  Postage packaging material, found in the basement / bedroom.

15.   A ventilation mask, found in the basement / bedroom.

16.   Packaging commonly used to package synthetic marijuana, found in the basement / bedroom.

17.   A heat sealer, found in the basement / bedroom.

18.   Multiple glass and plastic vials and pipettes, found in the basement / bedroom.